Spalding, J.
If ever a will was made in so plain, direct, and simple language as to be “ its own best interpreter,” it would seem to me, that the last will and testament of Nathan Beeves is such an instrument.
In the first paragraph, the testator gives all his estate, real and *425 personal, to his wife Nancy, and “to her heirs and assigns forever.” ’ This is a devise in fee. It was claimed that a life estate was intended, and that the devisee was to dispose of the remainder according to the well-known and expressed wishes of the testator.
The next following sentence is an ample refutation of any such claim : “ To be disposed of in such manner as she may judge best” And as if to make “ assurance doubly sure,”'tho testator then proceeds to reiterate his devise in fee simple. “ My meaning herein is, that the residue of my estate, after payment of all debts clue by me at the time of my decease, shall belong to my said wife, her heirs and assigns forever.” It is not seriously contended by counsel for complainants, that parol evidence can be introduced in this case for the purpose of contradicting, adding to, or explaining the will of Nathan Reeves.
That.11 the judgment of a court in expounding a will should be simply declaratory of what is in the instrument,” seems to bo conceded. Otherwise, as has often been remarked with great pertinency, courts would permit the witness to make the will instead of the testator. Parol evidence is admissible, however, for the purpose of counteracting fraud, as “ to show that one paper was obtruded on the testator for another, which he intended to execute.” 8 Durn. & East, 147.
*So “if a father devises to the youngest son, who promises that if the estate is devised to him, he will pay £10,000 to the eldest son. Equity would compel the former to discover whether that passed in parol; and if he acknowledged it, even praying the benefit of the statute, ho would bo a trustee to the value of £10,000.” And it is said to be clear, that in such a case, if the trust were denied by the heir or devisee, it might be proved, aliunde. 1 Jarman on Wills, 357. But in all such eases courts will move with the utmost caution.
If parol evidence of the actual intention of a testator is inadmissible for the purpose of controlling or influencing the construction of the written will, when the attempt is made directly to overturn its provisions, how extremely guarded should courts of justice be, when the same end is sought to be attained, through an indirect and covert attack, by means of the same instrumentality.
In the ease at bar, the parol testimony introduced by the complainants, falls far short of satisfying this court that the testator *426 intended that his wife should take, by his will, anything short of an absolute estate in the premises devised.
The principal witness, who was the draughtsman of the will—himself a profound lawyer—does not venture to say that any alteration was made in the will of Nathan Reeves at the instance of his wife, who was made his only devisee. On the contrary, Judge Scott says expressly, that he himself suggested to the testator the propriety of devising the whole property to his Wflfe, “if he had confidence in her that she would dispose of it in such manner as ho had before indicated.” In this he is contradicted by Mr. Collins, who evidently is not an unbiased witness, and his testimony will receive no further comment. The testator declared he had that confidence in his wife; and the will was executed accordingly # Mrs. Reeves declared that she understood her husband’s wishes in that respect, and would act accordingly. Has she done so ? No mortal can toll. The will was executed some six weeks after the conversation between Judge Scott and Nathan Reeves, touching an equal distribution *of the property among the children. We do not know how often he changed his mind after that, nor what new rule of distribution he may have imparted to his wife. She said, in the presence and hearing of the witness, that she fully undei’Stood her husband’s wishes in regard to the property. As she was the mother of the children of whom he was the father, it is by no moans surprising that he placed his whole property within lier unlimited control. - She had the same interest with himself in making provision for the wants of their children. She had the same parental feelings to gratify, in contributing to their comfort and happiness/ Sho has dealt out to these children, from the abundance left her by her husband, most profusely; perhaps not in exactly equal proportions, but of this she was made the judge, by the express language of the will.
We can see nothing in the conduct of this devisee, either before or after the decease of the testator, that can be tortured into a fraud upon the rights of the complainants. She did not, as we believe, solicit her husband to alter his intended bequests to his children ; and consequently, his absolute devise to her can not be burdened with a trust created by proof aliunde.
The bill will stand dismissed, with costs.